UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 1:13-cr-44 |
| v. | ) | |
| | ) | Judge Mattice |
| GARY WAYNE CLARKSON, | ) | Magistrate Judge Carter |
| | ) | |
| *Defendant*. | ) | |
| | ) | |

## ORDER

On December 23, 2014, United States Magistrate Judge Carter filed his Report and Recommendation (Doc. 58) pursuant to 28 U.S.C. § 636(b)(1). In his Report and Recommendation, Magistrate Judge Carter recommended that Defendant's Motion to Suppress (Doc. 20) be denied. On January 2, 2015, Defendant filed timely objections to the Report and Recommendation. (Doc. 59).

The Court has now reviewed the entire record relevant to the instant objections, and for the reasons described below, the Court will **ACCEPT AND ADOPT** Magistrate Judge Carter's Report and Recommendation and will **DENY** Defendant's Motion to Suppress.

## I.  STANDARD OF REVIEW

When reviewing objections to a Report and Recommendation, the Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objection is made, and it may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II. BACKGROUND AND ANALYSIS

Magistrate Judge Carter held an evidentiary hearing on Defendant's Motion to Suppress on December 3, 2014, during which Deputy Sergeant Ken Stout, Deputy Brad Harrison, and Officer Travis McGee testified for the Government, and Private Investigator Dennis Bakkom testified for the Defendant. In his Report and Recommendation, Magistrate Judge Carter recounted the facts developed at the evidentiary hearing. (Doc. 58 at 1-4). Defendant has not objected to any of the facts as outlined in Magistrate Judge Carter's Report and Recommendation. Instead, Defendant's objections focus on the conclusions drawn from the facts. Accordingly, the Court **ADOPTS BY REFERENCE** the facts as set out in Magistrate Judge Carter's Report and Recommendation. ( *Id.* ) The Court will refer to the facts only as necessary to analyze the issues raised on objection.

Defendant's objections specifically reiterate the arguments initially raised in his Motion to Suppress, namely that (1) the police officers did not violate the Defendant's right to privacy because they entered the Defendant's boat "without a warrant and without probable cause"; (2) Defendant's "will was overborne by the officer's threat to obtain a warrant if the [D]efendant did not allow search of the boat"; and (3) Defendant's statements were made while he was under arrest. (Doc. 59 at 1).

The Court's *de novo* review results in the same conclusion reached by Magistrate Judge Carter and further discussion of these issues is not warranted, given the thorough and well-reasoned conclusions set forth in the Report and Recommendation. Defendant's objections to Magistrate Judge Carter's Report and Recommendation will thus be **OVERRULED**.

### III. CONCLUSION

For the reasons explained above, the Court **ORDERS** the following: (1) Defendant's Objections (Doc. 59) are **OVERRULED**; (2) Magistrate Judge Carter's Report and Recommendation (Doc. 58) is **ACCEPTED AND ADOPTED**; and (3) Defendant's Motion to Suppress (Doc. 20) is **DENIED**.

**SO ORDERED** this 26th day of January, 2015.

> */s/ Harry S. Mattice, Jr.*
> HARRY S. MATTICE, JR.
> UNITED STATES DISTRICT JUDGE